**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Derrick Izzard, Sr., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Bell South Telecommunications, Inc., )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 2:05-00239-CWH<br><br><br><br><br><br>**ORDER** |

      On January 25, 2005, the plaintiff commenced this employment discrimination action pursuant to Title VII and the Age Discrimination in Employment Act, 29 U.S.C. §623. On April 7, 2006, the defendant moved for summary judgment. On August 24, 2006, Magistrate Judge George C. Kosko ("Magistrate Judge Kosko") issued a report analyzing the issues and recommending that the Court grant the defendant's motion for summary judgment. On September 18, 2006, the plaintiff filed its objection to the report and recommendation.

      This matter is now before the Court for disposition. The Court is charged with making a *de novo* determination of any portions of the magistrate judge's recommendation to which specific objection is made. 28 U.S.C. § 636(b). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Matthews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F.Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. 28 U.S.C. §636(b)(1). After a full review of the record and pertinent

case law, the Court adopts the report and recommendation and grants summary judgment to the defendant.

Background

The plaintiff worked as a machine operator for the defendant in the Utility Operations Division from February 1999 until the defendant terminated his employment on July 27, 2004. The plaintiff was 42 years old when he began working for the defendant. The plaintiff's supervisor was Alvin Abney ("Abney"), a 57 year old, who has worked for the defendant for 29 years. Abney typically supervises sixteen employees. Abney and his supervisor, Gary Schulman ("Schulman"), hired the plaintiff.

The defendant claims that the plaintiff's employment was exhibited by recurring attendance deficiencies and failure to follow the defendant's rules and regulations. On July 1, 1999, the plaintiff was formally counseled for unsatisfactory attendance. On July 30, 1999, the plaintiff was issued a formal warning. On March 10, 2000, the plaintiff was formally counseled for a failure to complete paperwork. On April 26, 2000, the plaintiff was formally counseled for a safety violation. On July 14, 2000, March 12, 2002, and August 14, 2002, the plaintiff was suspended for unsatisfactory attendance. On August 28, 2002, the plaintiff was suspended for failure to follow instructions. On February 27, 2004, the plaintiff was issued a letter in lieu of suspension for failure to follow a direct order. In 2004, the plaintiff accrued unexcused absences on the following days: February 24, May 10, June 1, and July 19.

On May 22, 2004, the plaintiff filed a charge of discrimination with the South Carolina Human Affairs Department alleging that the defendant discriminated against him because of his age. The plaintiff also filed a charge of discrimination with the U.S. Equal Employment

Opportunity Commission. On July 26, 2004, Abney and Schulman terminated the plaintiff's employment. On August 21, 2004, the plaintiff filed a second charge of discrimination against the defendant alleging retaliatory discharge. On October 28, 2004, the plaintiff received a dismissal and notice of rights from the U.S. Equal Employment Opportunity Commission.

According to the plaintiff, the only employee with an attendance record as bad or worse than the plaintiff's was Jason Theobald, a younger employee, who resigned after receiving a letter in lieu of suspension. The plaintiff admits that the defendant terminated the employment of two other younger employees for unsatisfactory attendance.

The plaintiff has brought this action under the Age Discrimination in Employment Act, 29 U.S.C. § 623, ("ADEA"), which forbids employers from "discharg[ing] any individual . . . because of such individual's age." 29 U.S.C. §623(a)(1). The plaintiff also claims that the defendant retaliated against him in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

Standard of Review

When a party has moved for summary judgment, the judgment sought shall be rendered forthwith if: "The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986). An issue of such material fact is "genuine" if the

evidence so offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Plaintiff's Objection

The plaintiff's objection to Magistrate Judge Kosko's report and recommendations is that Magistrate Judge Kosko failed to analyze his claim under mixed-motive analysis. The plaintiff claims that the defendant's proffered reason for terminating him was a pretext for illegal discrimination and that, even if the defendant had a non-discriminatory reason to terminate him, age and retaliation were motivating factors in the termination.

Age Discrimination Claim

The ADEA creates a cause of action for certain employees over the age of 40 who allege discrimination on the basis of age. Under a mixed motive approach, the plaintiff can establish a claim of age discrimination by demonstrating that his age motivated the defendant's decision to terminate him, even though the plaintiff's age was not the defendant's sole motivating factor. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004).

Whether a plaintiff claiming age discrimination can use circumstantial evidence when proceeding under a mixed motive framework appears to be unsettled. Warch v. Ohio Casualty Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006). Nonetheless, the plaintiff's claim fails even when both direct and circumstantial evidence are considered.

Direct evidence must be "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision."

Taylor v. Virginia Credit Union Univ., 193 F.3d 219, 232 (4th Cir. 1999).  Even if there is a statement that reflects a discriminatory attitude, it must have a nexus with the adverse employment action.  Brinkley v. Harbour Recreation Club, 180 F.3d 598, 608 (4th Cir. 1999).

The plaintiff has presented neither direct evidence of conduct or statements relating to his age nor indirect circumstantial evidence of age discrimination.  The plaintiff admits that he has a record of eight disciplinary infractions for unsatisfactory attendance and for other violations of the defendant's rules and regulations.  According to the plaintiff, the only other person who had an attendance record as bad as or worse than the plaintiff's resigned after receiving a letter in lieu of suspension.  The plaintiff has not shown that age was a factor in his termination, and his claim for age discrimination fails.

Retaliatory Discharge Claim

The plaintiff claims that the defendant had a retaliatory mixed motive because the plaintiff was fired shortly after filing an age discrimination claim with the South Carolina Department of Human Affairs.  Section 704 of Title VII prohibits employers from discriminating against an employee in retaliation because the employee participated in a protected activity.  42 U.S.C. §2000e-3(a).  In this case, the plaintiff participated in a protected activity when he filed an age discrimination charge with the South Carolina Department of Human Affairs.  The plaintiff has failed to present any direct evidence of conduct or statements reflecting the retaliatory motive and bearing directly on the termination of employment.  *See* Taylor v. Virginia Credit Union Univ., 193 F.3d at 232.

The only circumstantial evidence that the plaintiff sets forth to show that retaliation was a motivating factor is that the defendant terminated his employment after the plaintiff filed an age

discrimination claim. Pl. Mem. Supp. Objection to Report and Recommendation, 4. The plaintiff's bare allegation is insufficient to create any inference that retaliation was a motivating factor in his termination. Furthermore, there is no evidence that the defendant's termination of the plaintiff's employment was somehow linked to the plaintiff's discrimination claim. Instead the evidence shows that the termination of the plaintiff's employment was linked to his well documented attendance deficiencies and failure to adhere to the defendant's rules and regulations. Because the plaintiff has failed to show that retaliation was a factor in his termination, his claim for retaliatory discharge fails.

The plaintiff has failed to create a genuine dispute that he was a victim of age discrimination or retaliation under the mixed motive approach. The defendant's motion for summary judgment is granted.

**AND IT IS SO ORDERED.**

*C. Weston Houck*

**C . WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 29, 2006
Charleston, South Carolina